**  E-filed on 7/19/05 **

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. WERNER SCHREIBER, in his capacity as Insolvency Administrator for M+S ELEKTRONIC AG AND M+S ELECTRONIC AG,<br><br>Plaintiff,<br><br>v.<br><br>KINTANA, INC., n/d/b as MERCURY INTERACTIVE CORPORATION,<br><br>Defendants. | Case Number C 05-00895 JF<br><br>ORDER DENYING MOTION TO DISMISS<br><br>[Docket No. 3] |

Defendant Kintana, Inc. ("Kintana") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims brought by Plaintiff Dr. Werner Schreiber ("Schreiber") for failure to state a claim upon which relief can be granted. The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on July 15, 2005. For the reasons set forth below, the motion will be denied.

**I. BACKGROUND**

On or about March 28, 2001, Kintana, a business software developer, and M+S Elektronic ("M+S"), a German company that markets and distributes software products and services, entered into a "Distributor Agreement" that granted M+S a "non-exclusive, non-

transferable, limited license to distribute and market the KINTANA Products in connection with [M+S'] own computer software products and services" to customers located in Germany.[1] Compl., Ex. A at 1, 2. On the same day it executed the Distributor Agreement, M+S paid Kintana €1,878,544. Compl. ¶ 10. On March 30, 2001, M+S received a letter on Kintana letterhead from Klaus Horn ("Horn"), Kintana's general manager for central and eastern Europe, acknowledging an order dated March 28, 2001, and stating as follows:

> As agreed you have the right to return the licences from the above mentioned order to Kintana, if against our expectation a resale will not happen or will only happen partialy [sic] within the framework of the current project situation i.e. Mannesmann until July 30, 2001 . . . .
>
> In this case the untransacted invoice amount will be reimbursed.

Compl., Ex. C; *see also* Compl. ¶ 13.[2] Schreiber alleges that, because M+S could not sell the Kintana products before July 30, 2001, it requested reimbursement from Kintana, but Kintana refused to reimburse M+S by letter dated October 26, 2001. *See* Compl., Ex. D. On March 2, 2005, Schreiber, in his capacity as insolvency administrator for M+S, filed the instant action against Kintana for rescission and breach of contract, seeking a return of €1,878,544 to M+S. Kintana now moves to dismiss the complaint.

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Although the Court generally may not consider any material beyond the

---

[1] The agreement states that it is dated March 28, 2001. *See* Compl., Ex. A at 1. However, some of the signatures are dated April 2, 2001. *See, e.g., id.* at 11.

[2] The Court assumes that Schreiber meant to allege that M+S received the letter in 2001 rather than in 2002. *See* Compl. ¶ 13.

pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997), it may consider documents that are attached to and part of the complaint, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. However, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id*. at 754-55. Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

### III. DISCUSSION

Kintana moves to dismiss Schreiber's claims on the ground that they are barred by the applicable limitations periods. The undisputed date of accrual of Schreiber's claims is October 26, 2001, the date that Kintana refused M+S' request for reimbursement. Schreiber did not file the instant lawsuit until nearly three-and-a-half years later. Kintana contends that one of two two-year limitations periods applies.

**A. Two-Year Limitations Period for "Damage Compensation Claims"**

The Distributor Agreement provides that the maximum limitations period for "[a]ny damage compensation claims on [Kintana], with the exception of damage compensation claims from actions in tort," is two years "from the effecting of the performance on which the claim is based." Compl., Ex. A at 25. Kintana argues that Schreiber's claims for rescission and breach of contract are covered by this provision and therefore barred as untimely. Because the phrase "damage compensation claims" is not defined in the agreement, Kintana urges the Court to interpret it in the "ordinary and popular sense" to mean "any claim that seeks payment for a party's loss or harm." Reply at 5; *see also* Cal. Civ. Code § 1644 (providing that words of a contract are to be understood in their ordinary and popular sense rather than according to their strict legal meaning). However, the phrase "damage compensation claims" is not a term of art, and it is susceptible to more than one interpretation, giving rise to factual questions regarding the parties' intent that cannot be resolved in the context of a motion to dismiss. For example,

3

because the parties used the phrase to limit certain legal claims, it could be understood as imposing limitations only on claims for compensatory damages, as distinguished from claims for rescission and restitution.[3] *See* Arthur Linton Corbin, Corbin on Contracts § 996 (1964). Accordingly, the Court will deny Kintana's motion to dismiss with respect to its argument that the complaint is barred by a contractual limitations period imposed by the "damage compensation claims" provision.[4]

**B. Two-Year Statute of Limitations for Oral Agreements**

Section 339 of the California Civil Code ("Section 339") bars any "action upon a contract, obligation or liability not founded upon a writing" two years after the cause of action arises. Cal. Civ. Code § 339. Kintana asserts that the agreement regarding reimbursement referenced in Horn's letter was an oral agreement subject to the two-year statute of limitations in Section 339 and thus that Schreiber's claims for rescission and breach of contract, which are founded on an alleged breach of that reimbursement agreement, are barred. However, it cannot be determined from the face of the complaint or from any exhibit thereto when any oral representations regarding the reimbursement agreement were made (i.e., before or after execution of the Distributor Agreement) and whether they were intended to modify the Distributor Agreement. Moreover, depending on the timing of the oral representations and the parties'

---

[3] Although the court in *AIU Insurance Co. v. Superior Court* found that the ordinary use of the term "damages" could include restitution, the decision was made in the context of a dispute over insurance coverage and was influenced by public policy arguments. *See AIU Ins. Co. v. Superior Court*, 799 P.2d 1253, 1274 (Cal. 1990). Other courts have found that the use of the term "damages" in unfair competition statutes does not include restitution, *see Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 713 (Cal. 2000); *Bank of the West v. Superior Court*, 833 P.2d 545, 554 (Cal. 1992), and that restitutionary payments are not "damages" under section 14170 of the California Welfare & Institutions Code, *see Jaffe v. Cranford Ins. Co.*, 214 Cal. Rptr. 567, 571 (Ct. App. 1985).

[4] Schreiber contends that the "damage compensation claims" provision is irrelevant to the instant motion because a claim for rescission destroys the entire contract. However, the Court has not yet ruled on Schreiber's claim for rescission, and Schreiber is not automatically relieved from the contractual limitations period simply by virtue of having sued for rescission of the contract.

4

intent, and because Horn appears to have been acting on behalf of Kintana, a trier of fact could find that Horn's letter satisfied the contractual requirement that amendments to the Distributor Agreement be in writing, making Section 339 inapplicable. Accordingly, the Court also will deny Kintana's motion to dismiss with respect to its argument that the complaint is barred by Section 339's two-year limitations period.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Kintana's motion to dismiss is DENIED.

DATED: July 19, 2005

>/s/ (electronic signature authorized)
> JEREMY FOGEL
> United States District Judge

This Order has been served upon the following persons:

Connie L. Chen
conniechen@mofo.com, vklasse@mofo.com

Erin-Leigh A. Henderson
ehenderson@rutan.com, bevans@rutan.com, lhowell@rutan.com

Stephen H. Locher
stephen.locher@goldbergkohn.com, amy.ardelean@goldbergkohn.com